United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

FLETCHER CARSON,

Plaintiff,

vs.

WALSH GRIFFIN, et al.,

Defendants.

Case No.: 13-cv-0520 KAW

ORDER DENYING PLAINTIFF'S MOTION TO ALLOW ALTERNATE SERVICE OF PROCESS WITHOUT PREJUDICE AND DISMISSING DEFENDANTS AJR INTERNATIONAL FZE AND VICTORIA ELLIS WITHOUT PREJUDICE

Plaintiff Fletcher Carson, who proceeds pro se and has paid the filing fee, filed the complaint in this case on February 6, 2013. On March 24, 2013, Plaintiff filed a Motion to Allow Alternate Service on Defendants. For the following reasons, the motion is denied without prejudice.

**I. Background**

Plaintiff is suing the following Defendants: Walsh Griffin, Walsh Capital Group, AJR International FZE, Kelvin Don, Salvtore Financial Agency, Priscilla Ellis, John Kagose, Kenietta Johnson, KVP International Consultants, KVP International Trades, Victoria Ellis, Vicken International Traders LLC, Ivan Ahmed Azziz, Daniel Okwudili Nwankwo, Cisse Abdoulaye, and Ben Aka. Plaintiff alleges that Defendants were responsible for fraudulently soliciting money from him, which was never returned.

None of the Defendants have yet appeared in the case. Plaintiff's Motion to Allow Alternate Service states that he attempted to serve all of the Defendants through the United States mail on

February 11, 2013. However, many of the service documents were returned for lack of a correct address.

**II. Dismissal of Defendants**

In his motion for alternate service, Plaintiff states that he wishes to "delete from the complaint" Defendant Victoria Ellis, and "remove[]" Defendant AJR International FZE. Mot. at 4. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff may dismiss these parties without prejudice without a Court order, as Defendants have not served an answer or motion for summary judgment. The Court construes Plaintiff's requests in the motion for alternate service as a notice of dismissal. Defendants Victoria Ellis and AJR International FZE are, therefore, dismissed from this case without prejudice.

**III. Motion for Alternate Service**

In his motion, Plaintiff asserts that he has sent all of the Defendants—except for those Defendants who are dismissed without prejudice, as explained above—registered emails containing all of the service documents. The emails were sent through a service called RPost Holdings, which, according to Plaintiff, returns an acknowledgement that the recipient's email server received the email. Plaintiff claims that "none of the emails bounced." Mot. at 4-5.

Some of the Defendants are allegedly individuals from outside the United States. Other Defendants are allegedly individuals and businesses in the United States.

**A. Service on Foreign Individuals and Foreign Business**

Plaintiff wishes to serve foreign individuals, including Ivan Ahmed Azziz, a "broker located in Dubai"; Daniel Okwudili Nwankwo, Azziz's attorney; Cisse Abdoulaye, an agent in Dubai; and Ben Aka, another agent in Dubai, and Walsh Griffin, a person living in France and Ireland. *See* Comp'l at 3, 6-7. Plaintiff also wishes to serve a foreign business, Walsh Capital Group, which is allegedly located in Ireland. *Id.* at 3.

Federal Rule of Civil Procedure 4(f) ("Serving an Individual in a Foreign Country") authorizes service of process on an individual in a foreign country by any "means not prohibited by international agreement, as the court orders."[1] A foreign business can be served in the same manner prescribed by

[1] The full text of Rule 4(f) allows service on a foreign individual by the following means:

Rule 4(f) for serving an individual, except personal delivery under (f)(2)(c)(1). Fed. R. Civ. P. 4(h)(2). A method of service of process must comport with constitutional notions of due process, and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Plaintiff has not addressed whether any international agreement prohibits service via email under the circumstances of this case.

In addition, the Court must determine whether Plaintiff's attempt to serve each of these foreign individuals is reasonably calculated, under all the circumstances, to apprise them of the action and give them an opportunity to respond.

Plaintiff asserts that Ivan Ahmed Azziz is a broker located in Dubai. He asserts that he served Azziz by registered email, as indicated by Ex. 1-5 to Plaintiff's motion. The exhibit is a receipt authentication of an email sent to fc@omsphere.com,[2] invanahmed48@hotmail.com, ivanahmedm@gmail.com, and a receipt authentication of another email sent only to the latter two email addresses. Plaintiff apparently sent two emails because the attachments were too large to be sent in one email. The complaint states that Azziz "introduced Plaintiff to Walsh Griffin via email," and Ex. G to the complaint states that the latter two email addresses above

---

"(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
(C) unless prohibited by the foreign country's law, by:
(i) delivering a copy of the summons and of the complaint to the individual personally; or
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) by other means not prohibited by international agreement, as the court orders."

[2] This appears to be Plaintiff's email address.

are Azziz's email addresses. Comp'l at 2. The receipts have a column showing that the emails were "delivered" on March 15, 2013. The receipts also have a column for the date and time that the emails were "opened," but this column is blank.

The Court finds that service on Azziz by registered email is not sufficient for the following reasons. Plaintiff does not explicitly state that he communicated with Azziz through these email addresses. In addition, the column of the receipt authentication document labeled "opened" is blank. In the absence of explanation, the Court presumes that if the email had been read by the recipient, the "opened" column would show that. Plaintiff will be given an opportunity to cure these defects, as explained below.

Plaintiff also apparently seeks to serve Daniel Okwudili Nwankwo, Azziz's attorney; Cisse Abdoulaye, an agent in Dubai; and Ben Aka, another agent in Dubai, through the registered emails to Azziz's email addresses. *See* Ex. I-5 ("Authentication of Registered Email Receipt to: ivanahmedm@gmail.com, ivanahmed48@hotmail.com for Ivan Ahmed Azziz, Daniel Okwudili Nwankwo, Cisee Abdoulaye, Ben Aka"). It is unclear why those Defendants should be served via email addresses belonging to Azziz, i.e., why emails sent to Azziz's accounts are reasonably calculated to be received by Nwankwo, Abdoulaye, or Aka. Again, there is no indication that Plaintiff has communicated with these individuals through these email addresses, and the receipt authentication does not show that the emails were actually opened.

Plaintiff seeks to serve Walsh Griffin, whom he claims is an individual living in France and Ireland, through the email addresses info@walshcapital.org and investment@walshcapital.org. Plaintiff's complaint attaches printouts of a screenshot of a website, walshcapital.org, but does not explain why he believes that emails sent to the above accounts are reasonably calculated to be received by Walsh Griffin personally.

Plaintiff also apparently seeks to serve the business, Walsh Capital Group, through the same email addresses. The Court agrees that an email to a business's contact email address that is listed on its website, is reasonably calculated, under all the circumstances, to apprise the business of this action and afford it an opportunity to present their objections. Again,

United States District Court
Northern District of California

however, there is no indication from the receipt authentication that the emails sent to those addresses were ever opened. However, it is reasonable to assume that a business checks, or ought to check, an email address that is listed on its website. Thus, if Plaintiff demonstrates in a future motion for alternate service that no international agreement prohibits service by registered email in Ireland, the Court will deem Walsh Capital Group served. [3]

**II. Service on Domestic Individuals**

Individuals to be served living in the United States include: Kelvin Don, Priscilla Ellis, John Kagose, and Kenietta Johnson. *See* Comp'l at 2-3. Businesses based in the United States include Salvtore Financial Agency, KVP International Consultants, KVP International Trades,[4] and Vicken International Traders LLC. *Id.*

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual ... may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

---

[3] Plaintiff may wish to consider that walshcapital.org is listed as a "fraudulent website" on Artists Against 419, a website that purports to identify "fraudulent websites and make[] this data available as a public service." *See* http://db.aa419.org/fakebanksview.php?key=70753, last accessed on April 8, 2013. The website also lists the following information regarding the person who registered the website:

"Registrant Name:Shaw Thompson
Registrant Organization:N/A
Registrant Street1:3011 Greenbrook
Registrant Street2:
Registrant Street3:
Registrant City:Arlington
Registrant State/Province:Texas
Registrant Postal Code:76016
Registrant Country:US
Registrant Phone:+1.8179919207
Registrant Phone Ext.:
Registrant FAX:
Registrant FAX Ext.:
Registrant Email:dabbie0180@gmail.com."

*Id.* The Court makes no findings regarding the veracity of this information.

[4] According to the complaint, KVP International Consultants and KVP International Trades are the same company. Comp'l at 5.

United States District Court
Northern District of California

where service is made." As this Court is located in California, service of process is governed by California law. Section 415.30 of the California Code of Civil Procedure provides that service may be made by first-class mail to the person to be served. Section 413.30 of the California Code of Civil Procedure states that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."

Plaintiff states that mail containing the service documents was delivered to Priscilla Ellis as CEO of KVP International Consultants, KVP International Consultants, and Kenietta Johnson and John Kagose as employees of KVP International Consultants.[5] *See* Mot. at 3-4. The Court finds that mail delivered to the address listed on the company's website would comply with the requirements of Section 415.30. The exhibits to Plaintiff's motion attempt to show that this was accomplished. However, the exhibits do not show to whom and to what address the package was delivered, or what documents were contained in the package. If Plaintiff has met the requirements of Cal. Code Civ. P. § 415.30, there is no need for alternate service by email on these Defendants. If Plaintiff has not met the requirements of § 415.30, he may re-serve them in compliance with the statute.

Plaintiff states that the mail he sent to Kelvin Don, Salvtore Financial Agency, and Vicken International Traders was returned, as the addresses were wrong. Plaintiff's exhibit shows that he sent registered emails to Kelvin Don at the address salvtoreloanagency@yahoo.com. Mot., Ex. F-2. Unlike any of the other receipts, this receipt shows that one of the registered emails was opened. Neither Plaintiff's motion nor his complaint, however, explains why he believes that this email address belongs to Kelvin Don or to Salvtore Financial Agency. Similarly, Plaintiff does not explain why the entity Vicken International Traders can be served at the email address mspajd@aol.com. *See* Mot., Ex. A-4

[5] The Court notes that the names Priscilla Ellis, Kenietta Johnson and John Kagose are listed on the website under the section titled, "Meet Our Team." Mot., Ex. C.

Because Plaintiff has not provided this explanation, the Court cannot find at this time that the registered email to these email addresses is reasonably calculated to give actual notice to these Defendants.

**IV. Conclusion**

For the reasons explained above, it is hereby ORDERED that:

1. Plaintiff's Motion for Alternate Service is denied without prejudice. Within 21 days of the date of this order, Plaintiff may file a revised motion remedying the defects discussed above.

2. Defendants AJR International FZE and Victoria Ellis are hereby dismissed without prejudice.

DATE: April 16, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE