UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER CARSON,<br><br>    Plaintiff,<br><br>vs.<br><br>WALSH GRIFFIN, et al.,<br><br>    Defendants. | Case No.: 13-cv-0520 KAW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO ALLOW ALTERNATE SERVICE |

Plaintiff Fletcher Carson, who proceeds pro se and has paid the filing fee, filed the complaint in this case on February 6, 2013. The Court denied Plaintiff's Motion to Allow Alternate Service on Defendants without prejudice on April 16, 2013. Plaintiff filed a second Motion to Allow Alternate Service of Defendants on April 22, 2013. Plaintiff asserts that he has sent all of the Defendants registered emails containing all of the service documents. The emails were sent through a service called RPost Holdings, which, according to Plaintiff, returns an acknowledgement that the recipient's email inbox received the email. For the following reasons, the motion is granted in part.

**A.    Service on Foreign Individuals and Business**

Plaintiff wishes to serve foreign individuals, including Ivan Ahmed Azziz, a "broker located in Dubai"; Daniel Okwudili Nwankwo, Azziz's attorney; Cisse Abdoulaye, an agent in Dubai; and Ben Aka, another agent in Dubai, and Walsh Griffin, a person living in Ireland.[1]  *See* Comp'l at 3, 6-7.

---

[1] The Court's previous order stated that Griffin lived in France and Ireland. Plaintiff now states that "there is no reference in Plaintiff's motion to the country of France. Plaintiff will assume that was an

Plaintiff also wishes to serve a foreign business, Walsh Capital Group, which is located in Ireland. *Id.* at 3.

Federal Rule of Civil Procedure 4(f) ("Serving an Individual in a Foreign Country") authorizes service of process on an individual in a foreign country by any "means not prohibited by international agreement, as the court orders."[2] A foreign business can be served in the same manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(c)(1). Fed. R. Civ. P. 4(h)(2). A method of service of process must comport with constitutional notions of due process, and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Ireland is a member of the Hague Convention, but Dubai is not. *See* http://www.hcch.net/index_en.php?act=conventions.status&cid=17. Use of the Hague Convention procedures is mandatory if available at the place of service, but does not apply if, as in this case, the address of the person or business to be served with the document is not known. *RPost Holdings, Inc. v. Kagan*, 2:11-CV-238-JRG, 2012 WL 194388 *1-2 (E.D. Tex. Jan. 23, 2012). The Court has conducted a search, but has located no authority holding that international agreement prohibits service

---

error." Mot. Allow Alt. Service, Dkt # 12 at 3. But Plaintiff's complaint states that Griffin has a home in Paris, France. Comp'l, Dkt # 1 at 7.

[2] The full text of Rule 4(f) allows service on a foreign individual by the following means:
"(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
    (C) unless prohibited by the foreign country's law, by:
        (i) delivering a copy of the summons and of the complaint to the individual personally; or
        (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) by other means not prohibited by international agreement, as the court orders."

by email in either Dubai or Ireland. Thus, the Court must determine whether Plaintiff's attempt to serve these foreign individuals and business is reasonably calculated, under all the circumstances, to apprise them of the action and give them an opportunity to respond.

Plaintiff wishes to serve Ivan Ahmed Azziz, a broker located in Dubai, by registered email to several email addresses through which he corresponded with Azziz. Previously, the Court found that Plaintiff's showing with respect to service on Azziz by registered email was insufficient for the following reasons: Plaintiff did not explicitly state that he communicated with Azziz through the email addresses, and, the column of the receipt authentication document labeled "opened" was blank. Plaintiff has now remedied the first defect. He now states that he communicated with Azziz hundreds of times through the email addresses. As to the second, Plaintiff has explained that, with respect to the registered email service he is using, there is a delay after the email is sent and before the receipt authentication is sent back to the sender. If the email is opened within that delay period, the "opened" column will indicate that the email has been opened. Otherwise, the "opened" column will be blank. The system does not continue to query the recipient to determine whether the email is later opened. The Court is satisfied with this explanation. Accordingly, Azziz is deemed served.

Plaintiff also seeks to serve Daniel Okwudili Nwankwo, Azziz's attorney; Cisse Abdoulaye, an agent in Dubai; and Ben Aka, another agent in Dubai, via the registered emails to Azziz's email addresses. Plaintiff has not stated that he has communicated with these individuals via email to Azziz's email addresses. Instead, Plaintiff argues that these individuals are tied to Azziz. This is insufficient for the purposes of service, as Plaintiff's emails to Azziz's email addresses will not apprise Azziz's attorney and agents of this lawsuit. The Court does not deem these individuals served.

Next, Plaintiff seeks to serve Walsh Griffin, whom he claims is an individual living in Ireland, through the email addresses info@walshcapital.org and investment@walshcapital.org, and Griffin's business, Walsh Capital Group, through the same email addresses. Plaintiff has now explained that he corresponded many times with Walsh Griffin through these emails. Plaintiff also seeks to serve the business, Walsh Capital Group, through the same email

1  addresses.  As the Court wrote in its previous order, it is reasonable to assume that a business

2  checks, or ought to check, an email address that is listed on its website.  Accordingly, the

3  Court deems Walsh Griffin and Walsh Capital Group served.

**II.      Service on Domestic Individuals**

Plaintiff seeks to serve the following individuals living in the United States: Kelvin Don, Priscilla Ellis, John Kagose, and Kenietta Johnson.  *See* Comp'l at 2-3.  Plaintiff also seeks to serve the following businesses based in the United States: Salvtore Financial Agency, KVP International Consultants, KVP International Trades,[3] and Vicken International Traders LLC.  *Id.*

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  As this Court is located in California, service of process is governed by California law.  Section 415.30 of the California Code of Civil Procedure provides that service may be made by first-class mail to the person to be served.  The sender must mail a copy of the summons and complaint to the person to be served, together with two copies of the notice and acknowledgement set out in section 415.30(b), and a return, postage-paid envelope.[4]  Service is complete when the acknowledgment is returned to the sender.

---

[3] According to the complaint, KVP International Consultants and KVP International Trades are the same company.  Comp'l at 5.

[4] The statute requires the following notice:

> (Title of court and cause, with action number, to be inserted by the sender prior to mailing)
> NOTICE
> To: (Here state the name of the person to be served.)
> This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on

Here, Plaintiff states that mail containing a number of documents was delivered to Priscilla Ellis as CEO of KVP International Consultants, KVP International Consultants, and Kenietta Johnson and John Kagose as employees of KVP International Consultants.[5] *See* Mot. at 6. Specifically, Plaintiff states that he sent "2 copies of Waiver of the Service of Summons with a self-addressed, stamped envelope for one copy to be sent back to Plaintiff." *Id.* But it is unclear whether this document Plaintiff refers to is the notice required under Section 415.30(b). It is unlikely, because Defendants would not be waiving service; rather, they would be accepting service by mail. In any case, Plaintiff does not state that any acknowledgments of receipt were returned to him. Accordingly, these individuals and business have not been served under Section 415.30. Plaintiff may cure this defect by re-serving these individuals and business in compliance with Section 415.30, and may file another motion for alternate service with the Court if the acknowledgments of receipt are not returned to him within 20 days of service.

---

behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

_____

Signature of sender

ACKNOWLEDGMENT OF RECEIPT OF SUMMONS

This acknowledges receipt on (insert date) of a copy of the summons and of the complaint at (insert address).
Date: _____
(Date this acknowledgment is executed)
_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person.

Cal. Civ. Proc. Code § 415.30.

[5] The Court notes that the names Priscilla Ellis, Kenietta Johnson and John Kagose are listed on the website under the section titled, "Meet Our Team." Mot., Ex. C.

5

Section 413.30 of the California Code of Civil Procedure states that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." But because Plaintiff may still be able to serve the above individuals under Section 415.30, the requirement that "no provision is made . . . for the service of summons" is not yet met, and section 413.30 is not applicable.

Plaintiff states that he was unable to serve Kelvin Don, Vicken International Traders and Salvtore Financial Agency through the mail because the addresses Plaintiff had for them were fraudulent and wrong. Because Plaintiff will not be able to serve these Defendants through the mail, the Court will allow service by registered email pursuant to section 413.30.

Plaintiff explains that he corresponded with Kelvin Don through the email address salvtoreloanagency@yahoo.com. As noted above, Plaintiff claims that he sent a registered email with service documents to Kelvin Don at this email address. The Court finds that service by registered email to this email address was accomplished, and Kelvin Don is deemed served. However, Plaintiff's motion does not explain why the business, Salvtore Financial Agency, could be served through this email address. Thus, the business is not deemed served.

As the Court noted in its previous order, Plaintiff does not explain why the entity Vicken International Traders can be served at the email address mspajd@aol.com. Nor does Plaintiff explain why KVP Consultants can be served through this address. Plaintiff merely states that Priscilla Ellis uses this email address. Therefore, Vicken International Traders and KVP Consultants are not deemed served.

///
///
///

## IV. Conclusion

For the reasons explained above, it is hereby ORDERED that Plaintiff's Motion for Alternate Service is granted in part. The following individuals and businesses are deemed served: Ivan Ahmed Azziz, Walsh Griffin, Kelvin Don, and Walsh Capital Group. The remaining Defendants have not been served. This order is issued without prejudice for Plaintiff to cure the defects in service, and submit another motion for alternate service, if necessary.

DATE: May 31, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE