# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER CARSON,<br><br>   Plaintiff,<br><br>   vs.<br><br>WALSH GRIFFIN, et al.,<br><br>   Defendants. | Case No.: 13-cv-0520 KAW<br><br>ORDER GRANTING IN PART PLAINTIFF'S THIRD MOTION TO ALLOW ALTERNATE SERVICE |

Plaintiff Fletcher Carson, who is proceeding pro se, filed the complaint in this case on February 6, 2013. The Court denied Plaintiff's Motion to Allow Alternate Service on Defendants without prejudice on April 16, 2013. Plaintiff filed a second Motion to Allow Alternate Service of Defendants on April 22, 2013. The Court granted this motion in part, and gave Plaintiff an opportunity to cure the defects explained in the Court's order.

In the instant motion, Plaintiff seeks to demonstrate that he has served the following individuals and companies: Priscilla Ellis, Kenietta Johnson, John Kagose, Vicken International Traders LLC, and KVP Consultants. All of these individuals and companies are supposedly located in the United States.

Plaintiff asserts that he has sent each of these Defendants registered emails containing all of the service documents. The emails were sent through a service called RPost Holdings, which, according to Plaintiff, returns an acknowledgement that the recipient's email inbox received the email. For the following reasons, the motion is granted in part.

As explained in the Court's previous order, Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As this Court is located in California, service of process is governed by California law. Section 415.30 of the California Code of Civil Procedure provides that service may be made by first-class mail to the person to be served. The sender must mail a copy of the summons and complaint to the person to be served, together with two copies of the notice and acknowledgement set out in section 415.30(b), and a return, postage-paid envelope. Service is complete when the acknowledgment is returned to the sender.

Section 413.30 of the California Code of Civil Procedure states, "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."

A corporation, partnership or association in the United States may be served in the same manner for serving an individual under Federal Rule of Civil Procedure 4(e)(1), or, "by delivering a copy of the summons and of the complaint to an officer." Fed. R. Civ. P. 4(h)(1)(A), (B).

Service on an individual, corporation, partnership or association may also be accomplished by obtaining a waiver of service under Rule 4(d).

In the instant motion, Plaintiff now explains that he attempted to serve the above individuals by sending them the documents required by Section 415.30 of the California Code of Civil Procedure, as well as by requesting a waiver of service under Rule 4(h). But none of the Defendants returned the acknowledgement of service or waiver of service forms within the allotted time periods. Thus, Plaintiff seeks to serve them through the registered email process explained above.

As the Court has explained in its previous orders, service may be accomplished under Section 413.20 by sending registered emails to email addresses through which Plaintiff has corresponded with Defendants. Plaintiff states that he corresponded with Priscilla Ellis through the email address mspajd@aol.com, and sent the service documents to this address. Accordingly, Priscilla Ellis is deemed served. However, Plaintiff does not explain that he has corresponded with Kenietta Johnson

or John Kagose through this, or any other email address. They are not reasonably calculated to receive actual notice of this lawsuit through emails to Priscilla Ellis' email address. Thus, they are not deemed served.

As stated above, service on a company may be effected by serving a copy of the summons and the complaint to an officer of the company. Plaintiff has explained that Priscilla Ellis is the president of Vicken International Traders LLC, and the CEO of KVP Consultants. Plaintiff has sent the required documents to Priscilla Ellis through email. Accordingly, the two companies are deemed served.

It is hereby ORDERED that Plaintiff's third Motion for Alternate Service is granted in part and denied in part. The following individual and businesses are deemed served: Priscilla Ellis, Vicken International Traders LLC, and KVP Consultants. Kenietta Johnson and John Kagose have not been shown to have been served. This order is issued without prejudice for Plaintiff to cure the defects in service, and submit another motion for alternate service, if necessary.

DATE: June 28, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE